# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

John Smirk and Rick Polson as Fiduciaries for the following: the GLAZIERS HEALTH AND WELFARE TRUST FUND, et al.,

    Plaintiffs,

vs.

HSL Corp., dba BJ's Glass'n Mirror Co., et al.,

    Defendants.

Case No. 2:06-cv-01114-RLH-GWF

**ORDER**

**Motion to Intervene - #109**

    This matter is before the Court on Labor Ready Southwest, Inc.'s Motion to Intervene as a Plaintiff (#109), filed on August 10, 2007; Plaintiff's Opposition to Motion To Intervene of Labor Ready Southwest, Inc. (#113), filed August 17, 2007; Reply to Opposition to Motion To Intervene of Labor Ready Southwest, Inc. (#117), filed August 31, 2007; and Plaintiff's Supplement to Opposition to Motion To Intervene of Labor Ready Southwest, Inc. Pursuant to Court Directive (#121), filed September 14, 2007.  The Court conducted a hearing in this matter on September 14, 2007.

## BACKGROUND

    Plaintiffs John Smirk and Rick Polson, as fiduciaries for certain Glaziers Health and Welfare, Training and Pension Funds, and Plaintiff Glaziers Architectural Metal and Glassworkers Local Union #2001 filed their Complaint in this action on September 8, 2006 against HSL Corp. dba BJ's Glass'n Mirror Co. ("BJ's") and other defendants to recover unpaid fringe benefits pursuant to the terms of a collective bargaining agreement and ERISA.  The complaint also alleged that BJ's failed to pay employees, who are union members, wages for work performed for BJ's.  Plaintiffs alleged a claim

against the Nevada State Contractors Board ("NSCB") in regard to BJ's $10,000 contractors licensing bond for the unpaid wages and fringe benefits owed to its employees-union members.  On October 10, 2006, the NSCB filed a Notice to Unknown Claimants of the Intent of the Nevada State Contractors Board to Interplead the Cash Bond of HSL Corp. dba BJ's Glass'n Mirror Co., With the Clerk of the Court in the Above Action (#20).

The Discovery Plan and Scheduling Order (#76) was filed in this action on March 5, 2007.  The Discovery Plan and Scheduling Order provided for a discovery cut-off date of June 30, 2007 and that the pretrial order would be due on August 29, 2007 or thirty days after dispositive motions were filed.  It also provided that the NSCB shall serve notice of the interpleader action pursuant to NRS 624.273(5), via publication or otherwise, on all interested parties by March 23, 2007 and that an affidavit of service shall be filed by the NSCB with the Court by March 30, 2007.

On March 20, 2007, the NSCB filed Proof of Service by Publication for HSL Corp. dba BJ's Glass'n Mirror Co. (#82).  That proof of service, and the application of publication attached thereto, shows that the NSCB served Michael A. Reiff and HSL Corp. dba BJ's Glass'n Mirror Co. with the summons by publication in February and March 2007.  It does not show, however, that the NSCB served other known or unknown claimants by publication.

On April 19, 2007, Plaintiffs filed a Motion to Interplead Bond Funds, Motion for Default and Dismissal of Claims for Non Appearing/Answering Parties, and Motion to Distribute Bond Funds (#90).  In their Motion (#90), Plaintiffs requested that the NSCB be ordered to interplead or deposit the bond funds into court, less the NSCB's reasonable costs and attorney's fees.  Plaintiffs also requested that the Court enter a default of the non-appearing or non-answering parties-claimants to the bond funds, apparently in reliance on the Proof of Service by Publication (#82), filed by the NSCB on March 20, 2007. *See Plaintiffs' Motion (#90),* p. 3.  As noted above, however, the NSCB's March 20, 2007 Proof of Service by Publication (#82) did not provide proof of service on the unknown claimants to the bond proceeds.

On April 27, 2007, the NSCB filed its own Motion to Interplead Bond Funds (#94).  In its Motion (#94), p. 4, the NSCB stated that it complied with NRS 624.273(5) by publishing the Notice to Unknown Claimants in the Nevada Legal News, a newspaper of general circulation in Clark County,

Nevada on October 12, 19 and 26, 2006. Although Motion (#94) states that the affidavit of publication was attached as Exhibit "1" to the Affidavit of Margi Grein, the affidavit of publication is not, in fact, attached as an exhibit to the motion or affidavit of Ms. Grein. In its Motion (#94), the NSCB stated that Plaintiffs appeared to have a valid claim to the bond, that the NSCB be permitted to interplead the bond into court, less its reasonable costs and fees, and that the NSCB be dismissed as a party with prejudice once the funds are deposited and that the Court certify its order as final as to the NSCB.

On May 23, 2007, the Court entered an Order Granting NSCB's Motion to Interplead Bond Funds (#101) which authorized the NSCB to interplead the bond into court, less the NSCB's attorney's fees and costs in the total amount of $2,334.75, and provided that NSCB will be dismissed as a party to this action once the funds have been deposited with the Clerk. The NSCB filed its Notice of Compliance With The Court's Order (#103) on June 14, 2007. Following entry of Order (#101), the Court did not rule on Plaintiff's Motion for Default and Dismissal of Claims for Non Appearing/ Answering Parties, and Motion to Distribute Bond Funds (#90) filed on April 19, 2007.

On June 6, 2007, the Clerk entered the default of HSL Corp. dba BJ's Glass'n Mirror Co. in regard to Plaintiffs' complaint against it in this action based on its non-appearance. *Entry of Default (#102).*

On September 25, 2007, the District Judge entered an order granting Plaintiffs' Motion for Default and Dismissal of Claims for Non Appearing/Answering Parties (#90). The District Judge refrained from ruling on Plaintiff's Motion to Distribute Bond Funds (#90), pending this Court's ruling on Labor Ready's Motion to Intervene. Thus, the remaining issue regarding the distribution of the bond proceeds depends on whether this Court allows Labor Ready to intervene in this case to assert a claim to the bond proceeds.

In its Motion to Intervene (#109), Labor Ready seeks to file an "Intervener's Complaint" against HSL Corp. dba BJ's Glass'n Mirror Co. and Michael A. Reiff or Reiff for unpaid contract labor services in the amount of $2,707.95 that Labor Ready provided to the Defendants. Labor Ready also seeks to recover against the NSCB contractor's license bond for its pro-rata share of the bond proceeds. Plaintiffs oppose Labor Ready's motion to intervene on the grounds that it is untimely and that Plaintiff will be prejudiced if Labor Ready is permitted to intervene in this action at this late date. In this regard,

Plaintiffs argue that but for the Court's failure to rule on their Motion for Default and Dismissal of Claims for Non Appearing/Answering Parties, and Motion to Distribute Bond Funds (#90), prior to August 10, 2007, Labor Ready would have been foreclosed from asserting a claim to the bond proceeds.

Plaintiffs also argue that as the representative of BJ's employees for unpaid wages and fringe benefits, they are entitled to priority in recovering on the proceeds pursuant to NRS 624.273(6) and that since the amount of their claim greatly exceeds the bond proceeds deposited with the clerk, there will be no remaining bond proceeds available to pay the claim of Labor Ready. In support of this latter position, Plaintiffs argue that Labor Ready does not qualify as an "employee" under NRS 624.273(6) and that any claim it might have against the contractor's bond is subordinate to Plaintiffs' priority claim.

In its Reply (#117), Labor Ready states that it commenced an action in the Nevada Justice Court against HSL Corp. dba BJ's Glass'n Mirror Co., Reiff/Reiff and the NSCB on March 19, 2007 to recover the unpaid amount due from BJ's and to recover on the contractor's bond. Labor Ready states that at some point thereafter it became aware of the action pending in this Court and that the bond proceeds had been deposited with the clerk of this Court. Labor Ready argues that its conduct in filing its motion to intervene in less than two months after the funds were deposited in this Court is not untimely, and it should be allowed to intervene to assert its claim against the bond proceeds and its action against BJ's and Reiff/Reiff. Additionally, Labor Ready argues that as a contractor who provided labor services to BJ's, its interest is in essence that of an employee of the contractor who performed labor on or about the site of the construction covered by the contract pursuant to NRS 624.273(1)(b). Labor Ready, therefore, argues that it has equal priority with Plaintiffs to the bond proceeds under NRS 624.273(6).

## **DISCUSSION**

Under Rule 24(a)(2), upon timely application, anyone shall be permitted to intervene in an action when an applicant claims an interest relating to the property or the transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest unless the applicant's interest is adequately represented by existing parties. In this case, Labor Ready claims an interest in the bond

1 proceeds pursuant to NRS 624.273(1)(b) and (6).  There is no question that Labor Ready's alleged right
2 to recover against the bond proceeds would be impaired if it is not allowed to intervene and the bond
3 proceeds are distributed to Plaintiffs as the sole claimant.  Thus, the sole issue before the Court is the
4 timeliness of Labor Ready's motion.

5       Both parties agree that the timeliness of Labor Ready's motion to intervene is governed by three
6 factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to
7 other parties; and (3) the reason for and length of the delay.  *See Orange County v. Air California*, 799
8 F.2d 535, 537 (9th Cir. 1986); *United States v. Covington Technologies*, 967 F.2d 1321, 1395-96 (9th
9 Cir.1992).  Based on the information provided to the Court, it appears that BJ's went out of business in
10 August 2006.  Plaintiffs filed their action against BJ's and the NSCB in September 2006.  Labor Ready,
11 which states that it was unaware of this action, filed its state court action against BJ's and the NSCB in
12 March 2007.  Labor Ready states that it did not actually become aware of this action and that the bond
13 proceeds were deposited in this Court until shortly before it filed its motion to intervene. Labor Ready's
14 motion to intervene is arguably untimely since it could and arguably should have asserted its claim
15 against the contractor's license bond earlier by placing the NSCB on notice of its claim, even before
16 NSCB apparently served notice by publication on unknown claimants in or about October 2006.  No
17 evidence has been provided, however, indicating that Labor Ready unreasonably delayed filing its
18 motion to intervene after it was actually aware of this action.

19       Although discovery was already closed when Labor Ready filed its motion to intervene, the case
20 had not been set for trial, and as noted above, the Court had not yet ruled on Plaintiffs' motion for
21 default against non-appearing/answering parties or entered an order regarding distribution of the bond
22 proceeds.  Thus, while Labor Ready's intervention, if granted, will cause some delay in the final
23 disposition of this case and the ultimate distribution of the bond proceeds, it does not otherwise disrupt
24 the conduct of this lawsuit.

25       Other than the delay in finally distributing the bond proceeds, the Court finds that Plaintiffs will
26 not be unfairly prejudiced if Labor Ready is permitted to intervene.  Both Plaintiffs and Labor Ready
27 claim an interest in the bond proceeds.  Determining their respective right to recover on the bond
28 involves a fairly simple matter of each claimant presenting proof of the respective amounts owed for the

labor services provided to BJ's.  The Court will also be required to make a determination whether Labor Ready's claim has equal priority with Plaintiffs' claim under NRS 624.273(6).  Although Plaintiffs claim they will be unfairly prejudiced because of the time and expense they incurred in pursuing the interpleader by NSCB of its bond into court, Plaintiffs are essentially in no different a position that it would have been in if Labor Ready had earlier asserted a claim to the bond proceeds.  Based on a consideration of all three factors set forth in *Orange County v. Air California*, *supra,* the Court concludes that Plaintiffs will not be unfairly prejudiced if Labor Ready's motion to intervene is granted.

      Neither party has provided the Court with sufficient authority for the Court to determine, prior to granting the motion to intervene, whether Labor Ready has an equal right to recover against the bond as an "employee" within the meaning of NRS 624.273(6).  This issue should be adequately addressed by the parties in regard to their to competing claims to the proceeds of the bond following intervention.  Accordingly,

      **IT IS HEREBY ORDERED** that Labor Ready Southwest, Inc.'s Motion to Intervene as a Plaintiff (#109) is **granted.**

      **IT IS FURTHER ORDERED** that:

1. Discovery in this case is reopened until **December 11, 2007** so that Plaintiffs and Labor Ready may conduct any necessary discovery from each other regarding their respective claims to the bond proceeds.

2. It is further ordered that the deadline for filing dispositive motions is rescheduled to **January 10, 2008**.

3. The pretrial order in this case shall be due on or before **February 11, 2008**, unless dispositive motions are filed in which case the joint pretrial order shall be due within 30 days after the Court rules on the dispositive motions.

      DATED this 11th day of October, 2007.

                                    _____
                                    GEORGE FOLEY, JR.
                                    United States Magistrate Judge